Christian C. NWACHUKWU, Plaintiff,

v.

John A. JACKSON, *et al.*, Defendants.

No. CIV.A. 93–2088EGSJMF.

United States District Court,
District of Columbia.

May 18, 1999.

John F. Karl, Jr., Washington, DC, for Christian C. Nwachukwu.

Christian C. Nwachukwu, Cheverly, MD, pro se.

Kimberly Cheronn Matthews, Office of Corp. Counsel, D.C., Washington, DC, for John A. Jackson, Jr., Donna Simms D'Almeida, District of Columbia.

John A. Jackson, Jr., Washington, DC, pro se.

## MEMORANDUM ORDER

FACCIOLA, United States Magistrate Judge.

The District of Columbia ("the District"), like other defendants, and, in particular, governmental defendants, most frequently settles cases by offering the plaintiff a lump sum and it is for plaintiff and her counsel to determine themselves the amount which the client receives and the amount for which the attorney receives. In this case, however, the District agreed to pay plaintiff a certain amount of money and agreed to pay counsel a fee. The settlement agreement provides:

> Defendant District of Columbia agrees to pay to plaintiff's attorney a sum representing settlement of plaintiff's attorney's fee claim. The parties have been unable to agree on this matter and will request that the Court resolve the issue if further negotiations on this issue are not fruitful

Settlement Agreement, Paragraph 6.

There were negotiations among counsel for the plaintiff and the District, designed to arrive at the fee, but they were unsuccessful. At that point, Judge Sullivan referred the matter to me for mediation of the fee issue.

When I met with counsel, we reached an understanding that I would attempt to mediate their disagreement and, if we failed

to reach an agreement, I would proceed to resolve the legal fee issue and determine the reasonable fee to be awarded to John Karl ("Karl"), plaintiff's counsel. Karl had filed a fee petition which sought what is known as the "lodestar"; he multiplied the hours he spent in the representation against the hourly rates permitted by what is known in this court as the Laffey rates. He then sought adjustments upward to the lodestar for various reasons which are not significant here.

My mediation efforts were unsuccessful and I turned to my next obligation, to resolve what was a reasonable fee for Karl, based on his fee petition. Before I could do that, however, the District cried "foul". The District asserted that it had an understanding with Karl that, in consideration of settling his client's case, he would accept a discounted fee rather than the one to which he might be entitled. According to the District, there was a subtext to the portion of the agreement quoted above; it did not mean that it was agreeing to pay Karl what he could claim under 42 U.S.C. § 1988 but agreeing to an unspecified amount, that, whatever it was, was less than the maximum Karl could claim under that statute. It followed, therefore, that since Karl was seeking the maximum he could, now that settlement negotiations had failed, he was breaking his promise to the District which permitted the District of be relieved of all of its obligations under the settlement agreement.

For his part, Karl insists that he has acted in perfect consistency with the agreement. He understood his obligation to be to bargain in good faith with the District as to his fee and he insists he did so. When, however, an agreement proved impossible, he simply asserted the right the agreement specifically vouchsafed him—to seek a reasonable fee under 42 U.S.C. § 1988 using the traditional lodestar method which is used in this court. He sees nothing in the agreement which could possibly be construed as his waiving that right if settlement discussions concerning his fee were unsuccessful.

The dispute between the parties illustrates the wisdom of the ancient principle that the terms of a contract, once integrated, cannot be varied by oral evidence—the so called parol evidence rule. Rather than premising its decision on the what the agreement says, and a reasonable interpretation of its terms, the District invites the court to conclude that the parties "really" meant something other than what they said and to premise its decision on its "real" meaning. The court is supposed to do this by crediting one side's recollection or interpretation of the discussions leading up to the agreement rather than the terms of the agreement itself. To do so would violate a central tenet of the law of contracts: when parties to a contract have executed a completely integrated written agreement, it supersedes all other understandings between them. The writing itself is viewed as the expression of the parties' intent. *Restatement (Second) of the Law of Contracts* § 213 (1979).

■ The only question presented is therefore what is the correct interpretation of paragraph 6 of the agreement. It is clear that the parties expressed their intention that Karl would be paid some sum in settlement of his claim if they could arrive at an agreement as to the amount. If they were unable to agree the court would have to determine what Karl was due by calculating a reasonable fee in accordance with 42 U.S.C. § 1988. The court after all could only "resolve the issue" in accordance with the law pertaining to the determination of reasonable attorney fees, *i.e.*, the body of law that the court has created in interpretation of that and other fee shifting statutes. There is no other source of authority available to the court to "resolve the issue" and the District does not even suggest where the court was supposed to look to "resolve the issue" if not to that body of authority.

Additionally, if the District wanted to prevent Karl from getting the reasonable

fee the statute permits, it could have said so by indicating, for example, the maximum it would permit. By instead reserving the right to ask the court to resolve the issue, if negotiations were unsuccessful, the District expressly agreed to exactly what occurred: the parties could not agree and the court had to resolve the issue of what Karl was due by determining what constituted a reasonable fee in accordance with the controlling precedents which dictate the method to be used to ascertain a reasonable fee.

Additionally, the District would set aside the entire agreement, denying plaintiff the benefit of the bargain he struck and forcing him to trial, even though its grievance is directed solely at Karl's behavior. The District would have to concede that the only harm it could possibly claim to be threatened with—that Karl will receive more than his due—could be prevented by the court limiting Karl to what the District claims he should get. To nevertheless demand that the entire agreement be vitiated is to demand a remedy out of all proportion to the harm claimed and to punish plaintiff inequitably for what Karl did that so offends the District. John D. Calamari & Joseph M. Perillo, *The Law of Contracts* §§ 11.15, 11.18 (4th ed 1998)(distinguishing between material and partial breach; only the former permits party to be excused from further performance and to sue for total breach); *Restatement of the Law of Contracts* § 236 comment b (1979) (same).

Finally, to accept the District's position would mean that I would be obliged to conclude, based on the mediation I conducted, that Karl was unreasonable in refusing to accept what the District offered. It would be hard to imagine a procedure better designed to destroy the motivation parties have to engage in the mediation process than to have a judicial officer determine how reasonable or unreasonable they were during their mediation and predicate a decision on that determination. The District's contention that I do just

that has nothing to recommend it. Instead, it flies in the face of the central judicial policy that settlement discussions be deemed confidential to encourage parties to engage in them. I will simply not predicate a judicial decision on my perception of the reasonableness of the position a party took during mediation. I cannot do so without breaking my promise to them that what we discussed during the mediation would remain confidential.

Thus, it is hereby,

**ORDERED** that defendants' *Motion to Set Aside the Settlement Agreement* [# 84] is **DENIED.**

It is **FURTHER ORDERED** that defendants shall respond to *Plaintiff's Supplemental Motion for the Award of Attorney's Fees and Costs* and *Supplemental Memorandum of Points and Authorities on the Award of Interest on Attorney's Fees* by June 1, 1999. Plaintiff may reply by June 8, 1999.

**SO ORDERED.**